# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          )
                                     )
    v.                        )      ID. No. 0805035299
                                     )
MONIR GEORGE,            )
                                     )
    Defendant.           )

Date Submitted:  February 8, 2024
Date Decided:  April 15, 2024

## ORDER

Upon consideration of the Defendant's Fourth Motion for Postconviction Relief[1], Motion for Appointment of Counsel, request for an unredacted copy of the Grand Jury Indictment and the Arraignment, Superior Court Criminal Rule 61, and the record in this case, **IT APPEARS THAT**:

(1)    On May 25, 2008, George entered a fundraising event for Saint Mary's Coptic Orthodox Church held at the Christiana Hilton.[2]  Fueled by his hatred for the church clergy and his hatred for Malak Michael, who he blamed for his breakup with

---

[1] D.I. 206, D.I. 210 (these two docket numbers collectively encompass George's Fourth Motion for Postconviction Relief); *see also* D.I. 121 (George's first motion for postconviction relief), D.I. 170 (George's second motion for postconviction relief), and D.I. 190 (George's third motion for postconviction relief).

[2] *George v. State*, 5 A.3d 630 (Del. 2010) (TABLE). The Trial Judge specifically recalls the State presenting a bone-chilling photograph of George holding a handgun to the back of the victim's head seconds before he executed Michael in front of all the guests, several of whom were children. The photograph was captured by a guest who was looking through the photographs she took at the event and was horrified to see the moment she inadvertently captured.  Fortunately, guests were able to subdue George when his gun jammed.  George had two Smith & Wesson semi-automatic handguns on him and over 150 rounds of ammunition on his person and in his car.

his wife, George executed Michael as he was sitting in the audience and attempted to shoot Reverend Mina Mina.

(2)    George proceeded to a bench trial where he was found Guilty But Mentally Ill of Murder First Degree, Attempted Murder First Degree, three counts of Possession of a Firearm During the Commission of a Felony, and Reckless Endangering First Degree.[3] He was sentenced to life imprisonment plus 25 years of unsuspended Level 5 time.[4]

(3)    This is George's fourth attempt at postconviction relief.[5]

(4)    Almost 18 years after trial, and after three motions for postconviction relief, George argues for the first time that there was no jury trial waiver and therefore the Court lacks jurisdiction.

(5)    Superior Court Criminal Rule 61 governs motions for postconviction relief.[6] Before addressing the merits of any claim for postconviction relief, the Court must first evaluate the procedural bars in Rule 61(i).[7] Rule 61(i)(5) provides an exception to the Rule 61 procedural bars for lack of jurisdiction.[8] George brings his Motion under Rule 61(i)(5), claiming the Court did not have jurisdiction to hear his case because his jury trial waiver violated Superior Court Rule 23(a) and (c).

---

[3] D.I. 92.
[4] D.I. 104.
[5] *See* D.I. 121, 140, 150, 158, 170, 183, 190, 201, 206.
[6] Super. Ct. Crim. R. 61.
[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[8] Super. Ct. Crim. R. 61(i)(5).

(6)     Rule 23(a) and (c) do not provide a basis for attacking the Court's jurisdiction.[9]  George seems to be confusing his ability to waive a jury trial with the Court's exercise of jurisdiction over his case.[10]  First, George argues that because "Defendant did not waive his right to a jury trial in writing," the Court did not have jurisdiction to hold a bench trial.[11]  This is incorrect.  George, Defense Counsel, and the State all signed a stipulation to waive George's jury trial which was accepted by the Court.[12]  The Court "carefully questioned George regarding his decision to waive a jury trial. . . ."[13]  Second, George argues that the Trial Judge did not give a general or specific finding following his bench trial.[14]  This too is incorrect.  Defense Counsel did not request a specific finding of fact, and therefore the Court gave a general finding.[15]  The Court complied with Rule 23(a) and (c).

(7)     Neither Rule 23(a) nor (c) establishes a basis for George to attack the jurisdiction of the Court.  Because George has provided no valid argument that the Court does not have jurisdiction, his unsubstantiated claims are meritless.

---

[9] Rule 23 (a) and (c) pertain to waiving the right to a jury trial and the bench judge's finding in the case. Super. Ct. Crim. R. 26(a), (c).

[10] *See also George v. State*, 2015 WL 1000228, at *1 (Del. March 6, 2015) (TABLE) (denying George's first amended postconviction appeal motion and holding that the Supreme Court previously ruled the jury waiver was done knowing and voluntarily in George's appeal of his conviction) *See also George*, 5 A.3d at 630.

[11] D.I. 210.

[12] D.I. 48, 49.

[13] *George*, 5 A.3d at 630.

[14] D.I. 210.

[15] D.I. 113.

**NOW THEREFORE**, after careful review of the record in this action, Defendant's Fourth Motion for Postconviction Relief, Motion for Appointment of Counsel, and request for an unredacted copy of the Grand Jury Indictment and the Arraignment are **DENIED**.

_____
Jan R. Jurden, Judge

cc:    Prothonotary – Original
       Abigail E. Rodgers, Esq.
       Monir A. George (SBI# 00618980)